# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SHEILA NGEM,**

       **Petitioner,**          **CIVIL ACTION NO. 05-CV-72653-DT**

vs.

                                 **DISTRICT JUDGE AVERN COHN**

**SUSAN DAVIS,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Respondent.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Petitioner's Petition for Writ of Habeas Corpus be **DENIED**.

**II.**     **REPORT:**

*A.*    *Procedural History and Factual Background*

Petitioner filed her habeas petition on July 5, 2005. (Docket no. 1). Respondent responded on January 9, 2006. (Docket no. 5). Petitioner filed a Reply brief on February 23, 2006. (Docket no. 20). On January 25, 2007 this matter was referred to the undersigned for all pretrial proceedings. (Docket no. 29). This Court finds that no evidentiary hearing is needed pursuant to Rule 8, Rules Governing Section 2254 Cases. This matter is therefore ready for ruling.

A jury convicted Petitioner of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(d), five counts of contributing to the delinquency of a minor, Mich. Comp. Laws § 750.145, and five counts of distributing obscene matter to a minor, Mich. Comp. Laws § 722.675. (Docket no. 1, ex. B, at n.1). She was sentenced to concurrent terms of fifteen to thirty years' imprisonment for the first-degree criminal sexual conduct convictions, ninety days for the contributing

to the delinquency of a minor convictions, and 291 days for the distributing obscene matter to a minor convictions. (*Id.*) Petitioner's former husband and co-defendant, Sokhorn Ngem, was found guilty by a jury in a separate trial of three counts of first-degree criminal sexual conduct, two counts of third-degree criminal sexual conduct, two counts of fourth-degree criminal sexual conduct, five counts of contributing to the delinquency of a minor, and five counts of distributing obscene matter to a minor. (*Id.*) He was sentenced to concurrent terms of fifteen to thirty years' imprisonment for his first-degree criminal sexual conduct convictions, ten to fifteen years' imprisonment for his third-degree criminal sexual conduct convictions, one year for the fourth-degree criminal sexual conduct convictions, one year for the distributing obscene material convictions, and ninety days for the contributing to the delinquency of a minor convictions. (*Id.*)

The Court of Appeals of Michigan summarized the evidence against Petitioner (identified as "Sheila") and her co-defendant and former husband (identified as "Sokhorn") as follows:

> Defendants, formerly a married couple, asked the principal victim, B.K., to come to their home and babysit the couple's three children. The victim also introduced the couple to three friends, C.C., B.R., and T.R., as well as the victim's sister, R.K. The victim, her sister and her friends, all minors, began to spend time at the couple's home. The couple would proposition or encourage the minors to engage in sexual acts. The minors, when sober, would not agree. The couple provided alcohol and marijuana, engaged the minors in games that encouraged the consumption of alcohol, exposed the minors to pornographic materials and sexual devices, and encouraged the minors to engage in sexual "dares." B.K. testified that she was sent by Sheila into the marital bedroom when Sokhorn was in the bedroom alone. B.K. testified that she was drunk when Sokhorn removed her clothing and engaged in sexual intercourse with her. B.K. told Sokhorn, "no," but he ignored her. B.K. further testified that, during the sexual act, Sheila entered the room and did not stop the act from occurring. B.K. remained at the home overnight. The next day, the couple provided alcohol to her again, and Sokhorn had sexual intercourse with her while Sheila was present. B.K. testified that she continued to go to defendants' home because she liked the couple's children, did not want to be at her own home because of her mother's terminal illness, and could do whatever she wanted at defendants' home.

> B.R. testified that he met defendants through B.K. During his first visit to defendants' home, B.R. did not become intoxicated because he did not like the taste of beer. However, defendants began to provide vodka and orange juice for B.R. B.R. was drunk when defendants called him into their bedroom. There, B.R. was instructed by Sokhorn to engage in sexual acts with Sheila, and he complied. Sheila then performed a sexual act on the minor. While at the home, B.R. was also exposed to sexual materials and sexual devices. B.R. testified that he stopped visiting defendants' home because he was embarrassed about what had happened there.
>
> The remaining minors also testified regarding the provision of alcohol and exposure to sexual materials. T.R. and R.K. were dared to expose themselves when they were drunk or high and complied. T.R. was also dared to touch Sokhorn's genital area and complied with this request. R.K. testified that Sokhorn touched her breasts. Additionally, Sheila displayed her two clitoris rings to the minors. The minors testified that they could not tell anyone about what was transpiring at defendants' home. If they did, defendants' children would be removed from their care, rumors would be spread about B.R., and B.K.'s mother would be jailed, deprived of her medication, and would die. Although there were discrepancies in their testimony, the minors attributed any discrepancy due to the amount of alcohol consumed. Additionally, B.R. suffered from a medical condition that had affected his memory.

*People v. Ngem*, Nos. 215672, 215676, slip op. at 2-3 (Mich. Ct. App. Oct. 26, 2001) (docket no. 1, ex. B). Both victims, B.K. and B.R., were fourteen years old at the time of the offenses.

Petitioner raised several issues in her appeal to the Michigan Court of Appeals. She argued that there was insufficient evidence presented at trial that she used force or coercion to commit the first-degree criminal sexual conduct offenses, that the trial court erred in refusing to accept guilty pleas to some, but not all, charges, that the court erred by failing to provide the jury with transcripts during deliberations, that the prosecutor erred by advancing a "civic duty" argument, that counsel rendered ineffective assistance by failing to object to the prosecutor's argument and by failing to call Sokhorn to testify at her trial, and that the court improperly excluded certain evidence. (Docket no. 1 at 2; ex. B).

The court rejected all of these arguments. The Michigan Supreme Court denied Petitioner's application for leave to appeal. (*Id.* ex. C).

Petitioner then filed a Motion for Relief from Judgment in the circuit court. (*Id.* ex. D). She argued that the evidence was insufficient to prove the element of aiding and abetting and that appellate counsel had rendered ineffective assistance by failing to raise this issue on direct appeal. (*Id.* at 3; ex. D). The circuit court denied relief after finding that appellate counsel "properly declined to challenge the element of aiding and abetting due to the overwhelming evidence demonstrating both defendant and co-defendant's mutual participation in the criminal acts of which the defendants were convicted." (*Id.* ex. D at 5). The Court of Appeals of Michigan denied Petitioner's delayed application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (*Id.* ex. E). The Michigan Supreme Court also denied leave to appeal for the same reason. (*Id.* ex. F).

*B.     Claims*

Petitioner then filed this federal petition for writ of habeas corpus. She raises two grounds for relief. Her first ground is that her "conviction for first degree criminal sexual conduct was obtained in violation of the Due Process Clause because the evidence presented at trial was insufficient to prove force or coercion." (Docket no. 1 at 4). Petitioner's other ground for relief is that her "conviction was obtained in violation of the Due Process Clause because the evidence presented at trial was insufficient to prove aiding and abetting." (*Id.* at 6). Petitioner further states that she is challenging the sufficiency of the evidence both that she aided and abetted her husband in committing sexual penetration on a minor and that her husband aided and abetted her in committing sexual penetration on a minor. (*Id.*) Petitioner admits that her second claim was not presented on direct review, but was presented in her collateral attack. (*Id.*) She claims that she "overcame procedural default by showing ineffective assistance of appellate counsel." (*Id.*)

C.  *Standard of Review*

Because Petitioner's application was filed after April 24, 1996, her petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Among other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

D.  *Insufficient Evidence–Force or Coercion*

Petitioner contends that insufficient evidence supports her first-degree criminal sexual conduct convictions because the evidence showing that she and/or her husband provided alcohol and marijuana to minors did not constitute force or coercion. (Docket no. 1 at 5). Without the presence of force or coercion, Petitioner further argues, she should only have been convicted of third-degree criminal sexual conduct. (*Id.*)

Sufficient evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

In order to be convicted of criminal sexual conduct in the first degree, the State had to prove that Petitioner engaged in sexual penetration with another person, she was aided or abetted by one or more other persons, and that she used force or coercion to accomplish the sexual penetration. Mich. Comp. Laws § 750.520b(1)(d); docket no. 1, ex. B at 3. The Michigan Court of Appeals found that "case law reveals that physical acts are not required to satisfy the force or coercion requirement." (Docket no. 1, ex. B at 4). The court also found that "application of the rules of statutory construction reveal [sic] that the trial court properly allowed the issue of coercion to be presented to the jury, and there was sufficient evidence to support the convictions." (*Id.* at 6). The court found that the defendants' use of drugs and alcohol, as well as the games and display of sexual materials, served as a coercive mechanism to convince the minors to engage in sexual acts. (*Id.* at 7). This applied to both B.K. (the female victim), and B.R. (the male victim). (*Id.*)

Petitioner claims in her habeas petition that the Michigan courts unreasonably applied the standard set out in *Jackson v. Virginia* to the facts of her case. (Docket no. 1, attached br. at 10-11). The question for this Court is therefore whether the state court's adjudication of this issue resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

In determining whether the evidence presented was sufficient under *Jackson*, this Court is bound by the state courts' interpretation of state law. *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). The substantive elements of the criminal offense are applied as they are defined by state law. *Id.* "'State law means what state courts say it means.'" *Id.* (quoting *Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991)). This Court cannot grant habeas relief on a perceived error of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The Michigan Court of Appeals determined that physical force or coercion was not necessary

to prove that Petitioner used force or coercion under the relevant state law. Petitioner contends that the Michigan Court of Appeals erred in this finding. (Docket no. 1, attached br. at 13-14). She argues that under *People v. Patterson*, 410 N.W.2d 733 (Mich. 1987), the Michigan Supreme Court refused to adopt a broad definition of force or coercion and that the Michigan legislature did not intend for the voluntary ingestion of alcohol and marijuana to constitute force or coercion. (*Id.*) However, even if Petitioner is correct that the Michigan courts improperly defined "force or coercion" as that term is used in connection with criminal sexual conduct, this Court is bound by that interpretation. *Sanford*, 288 F.3d at 860. No relief can be given to Petitioner on this argument.[1]

Petitioner does not argue that the evidence presented at her trial is insufficient to prove force or coercion as that term was applied in her direct appeal. (Docket no. 1, attached br. at 12-14). Therefore, there is no need for this Court to examine the evidence presented at trial which establishes this element of Petitioner's convictions. Petitioner has not shown that the state courts unreasonably determined that sufficient evidence supports her convictions under the law as interpreted by the state courts. Petitioner's first ground for relief must therefore be rejected.

E. *Insufficient Evidence–Aiding or Abetting*

Petitioner next argues that there was insufficient evidence presented to show that she aided and abetted her husband or that he aided and abetted her in the sexual assaults. (Docket no. 1 at 6). Respondent contends that Petitioner procedurally defaulted this claim by failing to present it on direct appeal and has not shown cause and prejudice to excuse the default. (Docket no. 5 at 15-16). Petitioner acknowledges that she failed to raise this issue on direct appeal, but contends that she has overcome the

---

[1] Petitioner argues in her Reply brief that "due process precludes a state court from disregarding precedent from a higher state court in order to achieve a particular result." (Docket no. 20 at 6). This may be true, but her remedy was to appeal such a decision and seek review in the United States Supreme Court rather than seeking relief in her habeas petition.

procedural default by showing that appellate counsel rendered ineffective assistance by not raising this argument on appeal. (Docket no. 1 at 6).

When a petitioner fails to properly present his claims for review on direct appeal, and the Michigan appellate courts find that the petitioner failed "to establish entitlement to relief under MCR 6.508(D)," the state courts have denied the petitioner's claims under the procedural default provision, MCR 6.508(D)(3). *Burroughs v. Makowski*, 282 F.3d 410, 413 (6th Cir. 2002), *modified on reh'g*, 35 Fed. App'x 402 (6th Cir. 2002). Here, Petitioner failed to present her aiding and abetting argument on direct appeal. (Docket no. 1 at 6). In addition, the Michigan Court of Appeals and Supreme Court found, after the circuit court had found procedural default, that Petitioner had failed to establish entitlement to relief under MCR 6.508(D). Under *Burroughs*, the last state court to address this claim therefore found that it was procedurally defaulted under state law. Petitioner's argument to the contrary in her Reply brief simply cannot be reconciled with *Burroughs*. (Docket no. 20 at 9). Because of Petitioner's default, this federal court is barred from reviewing the claim unless Petitioner shows cause and prejudice to excuse this default, or shows that failure to review the claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 729-30, 750 (1991).

Petitioner argues that she has established cause and prejudice by showing that appellate counsel rendered ineffective assistance by failing to raise this claim on appeal. (Docket no. 1, attached br. at 16-20). *See Byrd v. Collins*, 209 F.3d 486, 522 (6th Cir. 2000) (in order for attorney error to establish cause, it must rise to level of ineffective assistance). In order to establish ineffective assistance to excuse this default, Petitioner must show that counsel committed an error so serious that he was "scarcely functioning as counsel at all and that [the error] undermine[s] the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). An appellate attorney need not raise every non-frivolous issue on appeal in order to render effective assistance. *Jones v. Barnes*, 463 U.S. 745,

754 (1983). To establish that a defendant aided or abetted a crime, the prosecution must show that the crime charged was committed by the defendant or another person, that the defendant performed acts or gave encouragement that assisted the commission of the crime, and that the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement. *People v. Izarraras-Placante*, 633 N.W.2d 18, 22 (Mich. Ct. App. 2001).

Petitioner has failed to establish that counsel rendered ineffective assistance by failing to raise the aiding and abetting issue on direct appeal. Counsel raised several issues of substance on appeal, the primary issue being whether sufficient evidence supported the finding of force or coercion. (Docket no. 1, ex. B). Petitioner's arguments that the evidence of aiding and abetting is lacking for the two instances at issue are weak. Appellate counsel could easily have reasonably believed that such claims would not be meritorious on appeal. In the first instance, where Sokhorn had sexual intercourse with B.K. in the living room, B.K. testified that Sheila helped Sokhorn unbutton his pants and that Sheila was kissing and "making out" with him before Sokhorn penetrated B.K. and during the act. (Tr. 5-13-98 at 118-24). In addition, while Sokhorn was on top of B.K., Sheila told Sokhorn to tell her (Sheila) when he (Sokhorn) ejaculated inside of B.K. (*Id.* at 124). This testimony, in addition to the testimony regarding the provision of alcohol and marijuana to B.K. by Petitioner on other days if not on this specific day, could easily have led counsel to believe that an appellate court would find that Petitioner aided or abetted Sokhorn in this act.

The other instance cited by Petitioner is when Petitioner penetrated B.R. by having him perform cunnilingus on her and by her performing fellatio on him. The question here is whether there was evidence that Sokhorn aided and abetted Petitioner in these acts. As set out above, the testimony was that Sokhorn and Petitioner had sex with B.R. watching them. (Tr. 5-15-98 at 156-57). Sokhorn told B.R. to "go down [Petitioner's] pants and start fingering her." (Tr. 5-15-98 at 157). Sokhorn also

instructed B.R. to perform cunnilingus on Petitioner. (*Id.* at 157-58). Sokhorn further instructed Petitioner to perform fellatio on B.R. (*Id.* at 158-59). Again, appellate counsel could reasonably have concluded that raising a challenge to this evidence of aiding and abetting by Sokhorn would not be fruitful.

Petitioner has failed to show that appellate counsel was scarcely functioning as counsel at all or that the reliability of Petitioner's convictions were undermined by counsel's failure to raise these issues on appeal. *See McMeans*, 228 F.3d at 682. Petitioner has therefore failed to establish ineffective assistance of counsel and, thus, failed to establish cause to excuse her procedural default.[2] This Court cannot grant relief on Petitioner's claims of insufficient evidence of aiding or abetting because these claims were defaulted in state court. *See Coleman*, 501 U.S. 722..

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

---

[2] Petitioner does not contend that her convictions resulted in a fundamental miscarriage of justice. This Court could not recommend such a finding based on the evidence presented at trial.

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 15, 2007　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### **PROOF OF SERVICE**

　　　I hereby certify that a copy this Report and Recommendation was served upon Sheila Ngem and Counsel of Record on this date.

Date: June 15, 2007　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　Courtroom Deputy