UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA LYNN NGEM,

        Petitioner,               Case Number: 05-72653

v.                                        HONORABLE AVERN COHN

SUSAN DAVIS,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING APPLICATION FOR WRIT OF HABEAS CORPUS
## AND DISMISSING CASE

        This is a habeas case under 28 U.S.C. § 2254. Petitioner Sheila Lynn Ngem (Petitioner) is a state prisoner convicted of three counts of first-degree criminal sexual conduct, five counts of contributing to the delinquency of a minor, and five counts of distributing obscene material to a minor, for which she was sentenced to a total of fifteen to thirty years imprisonment. She claims that she is incarcerated in violation of her constitutional rights, essentially challenging the sufficiency of the evidence with regard to her first-degree criminal sexual conduct conviction. The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge, in a thorough going analysis of Petitioner's claims, carefully considered all of them on the merits and recommends that the petition be denied. Before the Court are Petitioner's objections to the MJRR.

        Having reviewed the portions of the MJRR to which Petitioner objects de novo,

the Court finds that the magistrate judge did not err in concluding that Petitioner is not entitled to habeas relief on any of her claims. Petitioner first says that the magistrate judge erred in stating that it was bound by the Michigan Court of Appeal's decision rejecting Petitioner's insufficiency of the evidence claim because it was unpublished. This objection lacks merit. The magistrate judge correctly noted that the court of appeals' determination as to what constitutes "force or coercion" under the elements of first-degree criminal sexual conduct is a matter for the state court, not a federal court on habeas review. While Petitioner claimed the court of appeals erred in interpreting this question of state law, a federal court is bound by that interpretation. See Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002) (stating that "a claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254.) Moreover, while the opinion was unpublished, it cited several published decisions of the Michigan courts in support of its conclusions.

Petitioner's objection that the Michigan state court's reliance on M.C.R. 6.508(D) does not trigger application of the procedural default doctrine is also misplaced. See Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir. 2005) (stating that "[i]t is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims.") Additionally, the magistrate judge also considered whether appellate counsel's failure to raise the issue of the sufficiency of the evidence with respect to aiding an abetting constituted ineffective assistance of counsel so as to overcome her procedural default. In so doing, the magistrate judge effectively analyzed the substance of the claim and concluded it

2

lacked merit.  The Court agrees with the magistrate judge's analysis and conclusion.

Accordingly, the findings and conclusions of the magistrate judge are adopted as the findings and conclusions of the Court.  Petitioner's application for writ of habeas corpus is DENIED.  This case is DISMISSED.

SO ORDERED.

      s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 24, 2007, by electronic and/or ordinary mail.

      s/Julie Owens  
Case Manager, (313) 234-5160