UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHEILA LYNN NGEM,

               Petitioner,                        Case Number: 05-72653

v.                                                       HONORABLE AVERN COHN

SUSAN DAVIS,

               Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Sheila Lynn Ngem (Petitioner) is a state prisoner convicted of three counts of first-degree criminal sexual conduct, five counts of contributing to the delinquency of a minor, and five counts of distributing obscene material to a minor, for which she was sentenced to a total of fifteen to thirty years imprisonment. She filed a habeas petition in which he essentially challenging the sufficiency of the evidence with regard to her first-degree criminal sexual conduct conviction. The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge, in a thorough going analysis of Petitioner's claims, recommended that the petition be denied. Petitioner objected. The Court agreed with magistrate judge, adopted the MJRR, denied the petition and dismissed the case. See Memorandum and Order filed July 24, 2007. Petitioner seeks to appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

2

III.

]       Petitioner raised claims concerning the sufficiency of the evidence. The magistrate judge considered her claims and explained why Petitioner failed to that she was entitled to habeas relief. The Court considered Petitioner's objections and ultimately agreed with the magistrate judge's analysis and conclusions. For all the reasons stated in the MJRR of June 15, 2007 and Memorandum and Order of July 24, 2007, reasonable jurists would not debate these conclusions. Accordingly, a COA is DENIED.

SO ORDERED.

                                    s/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

Dated: August 2, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 2, 2007, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, (313) 234-5160